**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  GEORGE ALAN WEED,

    Defendant.
_____

**ORDER RE: DEFENDANT WEED'S PROFFER
OF EXPERT WITNESS TESTIMONY**

**Blackburn, J**

The matter before me is the **Government's Response and Objection to Defendant Weed's Proffer of Expert Witness Testimony** [#947], filed December 20, 2006. I deny the objections without prejudice.

The government objects pursuant to Fed.R.Evid. 702[1] to defendant's proffer of the testimony of Darrell Dunham, a lawyer and law professor, who will opine as to "whether the certificates [sic] entitled 'The Reserve Foundation Trust Certificate' contains material misrepresentations of fact or law."  Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.  This rule provides:

> If scientific, technical, or other specialized knowledge will
> assist the trier of fact to understand the evidence or to
> determine a fact in issue, a witness qualified as an expert by
> knowledge, skill, experience, training, or education, may

---

[1] The government objects also on the basis of relevance under Rule 401 and attendant jury confusion under Rule 403, arguing that Dunham's proposed testimony does not address the issue whether the document he has been asked to interpret, in fact, contains material misrepresentations.  I agree with defendant, however, that Dunham's conclusion that the trust certificate did, in fact, insure investors' deposits is relevant to the crimes of which defendant is accused.

> testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject and uses a reliable method that is reliably applied, and is relevant, in that it will assist the trier in determining a fact in issue.  ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).  I have broad discretion in determining whether expert testimony is sufficiently reliable and relevant under these standards to be admissible.  ***Truck Insurance Exchange***, 360 F.3d at 1210; ***Smith v. Ingersoll-Rand Co.***, 214 F.3d 1235, 1243 (10th Cir. 2000).

      The government's first objection to Dunham's qualifications to testify in this matter is imponderous.  Although Dunham's professional background is in commercial law generally, not insurance law specifically, the field of commercial law certainly is sufficiently broad to allow him to opine as to matters involving trusts and insurance contracts.

      The government claims next that Dunham's opinion is premised on the allegedly erroneous assumption that "the funds disappeared under conditions such that St. Paul

would be liable on its policy if The Reserve Foundation Trust were to bring suit." However, the government's attempt to prove the falsity of this assumption relies on facts that are still themselves matters for proof to the jury. I am not willing at this early juncture to say that the government's reading of the evidence is so clearly correct that any other interpretation must be false. Although Dunham's assumption in this regard may go to the weight of his opinion, it does not affect its admissibility.

Dunham's reliance on the opinion of another lawyer familiar with the law of St. Vincent and the Grenadines provides no basis for disqualification of his opinion either. The government's objection in this regard is squarely met by Fed.R.Evid. 703, which allows an expert witness to rely on facts or data not otherwise admissible in evidence if such evidence is "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Nor is Dunham's application of legal principles espoused in the Restatement (Second) of Trusts to interpret the document fatal. The government makes no showing suggesting that this veritable treatise is not instructive in interpreting the law of St. Vincent and the Grenadines. Here again, the alleged flaw goes to the weight, but not the admissibility, of the expert's opinion.

For these reasons, the government's objections are for now overruled. My decision in this regard is without prejudice to the government's ability to raise objections to the expert's testimony, under Rule 702 or otherwise, if further development of the evidence at trial suggests that such objections are viable.

**THEREFORE, IT IS ORDERED** that the **Government's Response and Objection to Defendant Weed's Proffer of Expert Witness Testimony** [#947], filed December 20, 2006, is **DENIED AND OVERRULED WITHOUT PREJUDICE**.

3

4

Dated March 30, 2007, at Denver, Colorado.

                                                **BY THE COURT:**

                                                **s/ Robert E. Blackburn**
                                                **Robert E. Blackburn**
                                                **United States District Judge**